IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAB MANAGEMENT          *
CONSULTANTS, INC.
                        *
        Plaintiff
                        *
    vs.                 CIVIL ACTION NO. MJG-13-2408
                        *
ANATOLY KHALEMSKY
                        *
        Defendant

*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion to Dismiss

Defendant's Counterclaim [Document 8] and the materials

submitted relating thereto.  The Court finds that a hearing is

unnecessary.

A motion to dismiss filed pursuant to Federal Rule of Civil

Procedure 12(b)(6)[1] tests the legal sufficiency of a complaint.

A complaint need only contain "'a short and plain statement of

the claim showing that the pleader is entitled to relief,' in

order to 'give the defendant fair notice of what the . . . claim

is and the grounds upon which it rests.'"  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (alteration in original)

(citations omitted).  When evaluating a 12(b)(6) motion to

dismiss, a plaintiff's well-pleaded allegations are accepted as

true and the complaint is viewed in the light most favorable to

the plaintiff.  However, conclusory statements or "a formulaic

---

[1]    All "Rule" references herein are to the Federal Rules of
Civil Procedure.

recitation of the elements of a cause of action will not [suffice]." Id.  A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

The counterclaim at issue, contained in Answers and Counterclaim to Complaint [Document 7], states the bare conclusions that there was some employment agreement that for some unspecified reason imposed an obligation on the Plaintiff/Counter Defendant to pay the Defendant/Counter Claimant $1,200 of commission.  In addition, Defendant seeks legal fees of $2,000.  The Counterclaim shall be dismissed.

Recognizing that the Defendant is proceeding pro se, the dismissal will be without prejudice to the right of the Defendant to seek to file an Amended Counterclaim upon a showing that there are specific alleged facts adequate to present a plausible claim against the Plaintiff.

Accordingly:

1. Plaintiff's Motion to Dismiss Counterclaim [Document 8] is GRANTED.

2. This action is without prejudice to the Defendant's ability to seek leave to file an Amended Counterclaim.

SO ORDERED, on Friday, January 10, 2014.

_____/s/_____
          Marvin J. Garbis
     United States District Judge